**UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRICT OF FLORIDA**
CASE NO.:

DIAN SATCHELL,

    Plaintiff,

v.

SPIRIT AIRLINES, INC. a Foreign Profit Corporation

    Defendant.

_____/

**COMPLAINT**

Plaintiff, DIAN SATCHELL ("SATCHELL" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, SPIRIT AIRLINES, INC. (hereinafter, "Spirit Airlines" or "Defendant") and says:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. 4301 et seq., and the Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Miami-Dade County, Florida, over the age of 18 years and otherwise *suis juris*.

6. In April 2019, Plaintiff was a Human Resource Representative ("HR Rep.") for Defendant, with her main responsibilities to support five departments, Technical Operations, Supply Chain, Flight Operations, Safety and Operation Control Center, on employee relations issues, labor relations issues, terminations, training and development, investigations, exit interviews, etc.

7. Plaintiff is a member of the military reserve, employed by Defendant. Plaintiff was therefore an "employee" as defined by 38 U.S.C. § 4303(3).

8. Defendant is a Foreign Profit Corporation registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant is a commercial airline, operating scheduled flights throughout the United States and in the Caribbean and Latin America. Defendant pays salary and/or wages for work performed and has control over employment opportunities. Defendant is therefore an "employer" as defined by 38 U.S.C. § 4303(4)(A).

## GENERAL ALLEGATIONS

10. On or about April 11, 2019, Defendant's Director of Maintenance and Regional Manager of Maintenance, Michael Laeder, approached Plaintiff regarding multiple complaints against Defendant's Maintenance Manager in the Fort Lauderdale airport, Bill Lyon.

11. Plaintiff collaborated with Defendant's Legal Department, which directed Plaintiff to open an investigation (Investigation I) on the complaints against Mr. Lyon.

12. On May 14, 2019 and May 15, 2019, Plaintiff conducted interviews with twenty-four (24) mechanics and completed Investigation I accordingly.

13. During Investigation I, Plaintiff learned that Mr. Lyon's instructions to mechanics were consistently in violation of safety regulations on Air Carrier/General Aviation Maintenance issues enforced by Federal Aviation Administration ("FAA"), including but not limited to, 14 C.F.R. Part 43, §43.13.

14. Specifically, when a grounded aircraft was in need of parts, Mr. Lyon intimidated mechanics to find a loophole to do a quick fix to avoid delays.

15. Mr. Lyon also instructed mechanics to deviate from the aircraft manual. When there was a fume event on an aircraft, instead of following the proper procedure, Mr. Lyon would cut short the procedure by demanding mechanics to change the filter, do a "Burn Out[1]" and quickly send the aircraft out.

16. Plaintiff completed the investigation report for Investigation I on Mr. Lyon and conferred with the Legal Department on any resolutions, wherein the Legal Department recommended terminating Mr. Lyon, and Plaintiff recommended either terminating Mr. Lyon or transferring him to another position to avoid further safety violations.

17. Plaintiff then had a meeting with her supervisor, Edward Kayton, the Senior Director of Defendant's Human Resources Department, and Mr. Laeder, to discuss the results of Investigation I and her recommendations, during which Mr. Laeder denied the substance of Investigation I and Mr. Kayton remained silent.

---

[1] The procedure in the manual requires a long burn to exhaust the excessive fuel, while Mr. Lyon demanded a quick burn to cut short the process.

18. A few days later, Plaintiff's original report for Investigation I went missing from her desk and was never found. Plaintiff regenerated the report with information and notes kept in her computer.

19. No actions were taken by Mr. Kayton or anyone within Defendant's chain of command regarding the safety concerns and violations of the FAA regulations addressed in the Investigation I report.

20. About a month after Plaintiff's meeting with Mr. Kayton and Mr. Laeder about Investigation I, Mr. Kayton advised Plaintiff that he no longer wanted Plaintiff to support the Technical Operations department, the Operation Control Center and the Supply Chain, and he created a new position, Sr. HR Operations Partner, to alleviate Plaintiff's workload and the stress associated therewith.

21. Plaintiff had been requesting assistance and guidance for two years for being the only HR Representative to support five departments and to travel and resolve employee relations issues in the field, but received no help except for removal from the position after completing Investigation I.

22. The job description of the Sr. HR Operations Partner did not match Plaintiff's grade level[2] at that time (level 11), stripped most of Plaintiff's responsibilities as a HR Representative, and was essentially a demotion.

23. Plaintiff objected to this change of position and proposed feedback to modify the new position, but was advised that the grade level of the Sr. HR Operations Partner position would be left at 13, and Plaintiff's only other option would be resignation.

---

[2] Defendant has a grade level system, wherein salary, job descriptions and other factors are considered to decide an employee's grade level. A smaller number indicates a higher level.

24. Plaintiff had no choice but to accept the position of Sr. HR Operations Partner, effective August 1, 2019, and started to report to David Klein, who reports to Mr. Kayton.

25. Due to the inaction of Mr. Kayton and Mr. Laeder on the concerns addressed in the Investigation I report, Plaintiff filed an anonymous complaint via Defendant's Ethics Hotline, after which Defendant's Legal Department initiated an investigation ("Investigation II") on Investigation I.

26. Despite fierce objection and obstruction from Mr. Kayton, Plaintiff actively participated in Investigation II, submitted the report to the Legal Department on November 13, 2019, and met with the investigator on November 18, 2019.

27. During the turmoil of Investigation II, Plaintiff received a Military Order on November 22, 2019, to report for annual training on December 4, 2019.

28. Plaintiff immediately notified Defendant of the military order.

29. On November 27, 2019, Mr. Kayton requested a copy of the Investigation I report Plaintiff submitted to the Legal Department, including Plaintiff's notes, which Plaintiff supplied.

30. On December 2, 2019, Plaintiff was scheduled to go on a business trip to Orlando, but was requested to cancel the trip and go to the office for a meeting on December 3, 2019, where Mr. Klein advised Plaintiff that her position was being eliminated and Plaintiff was released from her employment with Defendant.

31. At all times during Plaintiff's employment with Defendant, her job performance was satisfactory. Plaintiff had no reprimands, verbal or written, in her employee file.

32. Based on information and belief, soon after Plaintiff's termination, the position of Sr. HR Operations Partner was posted for hiring, which was filled in or about the end of January or early February of 2020.

33. Plaintiff was wrongfully discharged by Defendant, due to her objection to Defendant's inaction to safety concerns and violations addressed in the Investigation I report and Defendant's continued employment of Mr. Lyon, who contributed to the violations of FAA regulations.

34. Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff.

35. Even if Defendant could proffer a reason for terminating Plaintiff, her military service was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

36. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

37. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I – PRIVATE WHISTLEBLOWER PROTECTION ACT

38. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

39. This is an action for damages under the Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102, in taking retaliatory personnel action against Plaintiff for objecting to violations of Florida Statutes and Federal Laws and regulations.

40. Plaintiff objected to Defendant's violations of FAA regulations by providing recommendations to resolve Investigation I, actively participating in Investigation II conducted by Defendant's Legal Department and submitting the Investigation I report to the Legal Department despite massive obstruction.

41. Defendant, through Mr. Kayton, ignored Plaintiff's objections, but demoted and eventually terminated Plaintiff.

42. As a direct result of Plaintiff's objections to violations of FAA regulations, Plaintiff was demoted and terminated.

43. At all times during the course of her employment with Defendant, Plaintiff's work performance has been more than satisfactory. Plaintiff had no reprimands, verbal or written, in her employee file prior to her objection to Defendant's violations of FAA regulations.

44. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action against her for objecting to violations of FAA regulations.

45. By reason of Defendant's effective wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, benefits, and has suffered emotional distress.

46. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights under Florida's Private Whistleblower Protection Act.

WHEREFORE, Plaintiff DIAN SATCHELL requests judgment as follows:

   a. Compensation to Plaintiff for lost wages, benefits, and other remuneration;
   b. Liquidated damages;
   c. Assessment against Defendant of reasonable costs and attorney's fees for this action; and
   d. Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF USERRA

47. Plaintiff re-alleges and re-avers paragraphs 1 – 37 as fully set forth herein.

48. During Plaintiff's employment with Defendant, Plaintiff was a member of the military reserve, and was ordered on November 22, 2019 to report for annual training on December 4, 2019.

49. Plaintiff immediately notified of her military service upon receipt of the Order.

50. Defendant did not indicate any objection to Plaintiff's military status or service, but terminated Plaintiff on December 3, 2019, the day before her scheduled military service.

51. Plaintiff was advised that she was terminated because her position was being eliminated, which is pretextual because Plaintiff's position at the time of her termination was posted later for hiring and was filled within a month or two.

52. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff military status and/or service was, at minimum, a motivating factor in Defendant's decision for Plaintiff's termination.

53. Defendant's senior director, Edward Kayton, acted with intentional disregard for Plaintiff's rights under the USERRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Kayton, and/or other employees.

54. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of USERRA as a direct result of Defendant's discriminatory actions.

55. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under USERRA. Therefore, Plaintiff is also entitled to liquidated damages from Defendant in an amount equal to lost wages or benefits.

WHEREFORE, Plaintiff DIAN SATCHELL requests judgment as follows:

    a. Compensation to Plaintiff for lost wages, benefits, and other remuneration pursuant to 38 U.S.C. § 4323(d)(1)(B);

    b. Liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

    c. Assessment against Defendant of reasonable costs and attorney's fees for this action pursuant to 38. U.S.C. § 4323(h)(2).; and

    d. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff DIAN SATCHELL hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: May 5, 2020

                                      LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By: /s/ Charles M. Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
TIEXIN YANG, Esq.
Fla. Bar #1010651
tiexin@icelawfirm.com